IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )   Criminal No. 19-130 |
| | ) |
| JEREMIAH MCDONALD, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I.    Introduction**

Pending before the court is a motion for early termination of supervised release filed by counsel on behalf of defendant Jeremiah McDonald ("McDonald" or "Defendant") (ECF No. 85), with attached letters of support. The government filed a response in opposition to the motion. The motion is ripe for decision.

McDonald represents that he has been in full compliance with his conditions of supervision, has completed 2 years of his 3-year term of supervision, and is a proud new father. McDonald reports that he has been employed and plans to obtain a CDL license. McDonald argues, citing his supervising probation officer, that further supervision is not necessary to reintegrate him into society.

The government opposes the motion and argues that early termination is not warranted in light of the serious crime McDonald committed (distribution of heroin and fentanyl). The government also points to McDonald's acknowledgement, in the plea agreement, that he possessed a loaded, stolen firearm in furtherance of that drug trafficking. The government withdrew that count of the indictment, which carries a mandatory minimum 5-year consecutive term of imprisonment by statute, as part of the plea agreement. McDonald agreed that conduct could be considered by the court in imposing sentence. The government argues that McDonald

poses a danger to the community, citing his criminal history (including convictions in state court subsequent to this court's original sentence), misconducts while incarcerated, and the record as a whole.

## II. Procedural History

Pursuant to a written plea agreement, on May 14, 2019, McDonald pleaded guilty to possession with intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, on or about April 17, 2019, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The probation officer prepared a Presentence Investigation Report ("PIR").

The parties stipulated in the plea agreement that the type and quantity of controlled substance attributable to McDonald is at least 160 grams but less than 280 grams of a mixture of heroin and fentanyl, which would have resulted in a final offense level of 25. *See* Tentative Findings, ECF No. 73. At sentencing, however, the court found a lower drug quantity, which resulted in a final offense level of 23. McDonald's criminal history category was III. The applicable advisory guideline range of imprisonment was 57 to 71 months. Judgment, ECF No. 76. McDonald did not appeal that calculation or his sentence.

On July 7, 2021, the court sentenced McDonald to a term of imprisonment of 46 months. The downward variance from the guideline range was recommended by the government because the actual quantity of drugs was lower than stipulated in the plea agreement and the parties believed during the plea negotiations that McDonald was in criminal history category I, not category III. The court sentenced McDonald to a term of supervised release of 3 years, which is the minimum amount permitted by statute.

III.    **Discussion**

    A.  **Applicable Law**

A district court has the discretion to grant the early termination of a defendant's term of supervised release[1] under 18 U.S.C. § 3583(e). United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020). Pursuant to § 3583(e):

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the district court must consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

---

[1] Supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011). It "fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000).

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Melvin, 978 F.3d at 52. District courts need not make specific findings of fact with respect to each § 3553(a) factor; it is sufficient for the court to state that it considered the statutory factors. Id. at 52-53. The court has done so in this case.

The Third Circuit Court of Appeals has clarified that the *general rule* is that early termination of a term of supervised release under § 3583(e)(1) "will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." Id. at 53 (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018), cert. denied, 139 S. Ct. 1275, 203 L. Ed. 2d 280 (2019)). The court of appeals in Melvin explained:

> That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

Id. The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen circumstances *must* be shown." Id. (emphasis added).[2] In other words, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." Id. The district court must be "satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Id. (quoting 18 U.S.C. § 3583(e)(1)).

---

[2] The court of appeals explained that the language in United States v. Laine, 404 F. App'x 571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," is not based upon the statute and is not binding precedent. Melvin, 978 F.3d at 53.

4

The court will consider the pertinent factors set forth in § 3553(a) as instructed in § 3583(e)(1) to determine whether early termination of McDonald's term of supervised release is warranted by his conduct and is in the interest of justice.

### B. Section 3553(a) Factors

McDonald, essentially, points to two reasons justifying relief: (1) his continued compliance with the conditions of his supervision; and (2) his completion of 2/3 of his term of supervision.

> *1. The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1)*

McDonald's offense of conviction and related conduct was extremely serious. Although the parties negotiated a plea to only the drug distribution offense (itself very serious, involving heroin and fentanyl), McDonald accepted responsibility for possessing a loaded, stolen firearm in furtherance of drug trafficking. If convicted of that offense, which carries a mandatory minimum 5-year consecutive prison term, McDonald would still be incarcerated. Drugs and guns (especially stolen, loaded guns) are a bad combination that pose a grave danger to the community. McDonald has other criminal convictions and is in criminal history category III.

The court accepts the representations that McDonald has done very well in his community while on supervised release. Despite the laudable progress McDonald has made since his release from imprisonment, this factor weighs strongly against early termination.

> *2. The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §§ 3553(a)(2)(B)-(D)*

The court acknowledges that McDonald successfully reintegrated into the community, is working, and is a new father. The letter submitted reported that success. Educational and

5

vocational training is apparently not needed at this time, although the probation office may be helpful to McDonald in obtaining training for his CDL license.

On the other hand, Congress mandated a minimum term of supervised release of 3 years. The court considered this length of supervision in varying downward in his prison term. In light of the serious nature of McDonald's criminal conduct, a reduction in the term of supervised release would not adequately deter criminal conduct. In other words, a 3-year term of supervised release is still warranted to deter criminal conduct and protect the public.

> 3. *The sentencing range established by the Sentencing Commission, § 3553(a)(4)*

As noted above, McDonald entered a plea agreement that enabled him to plead guilty to the offense at count 1 and to avoid the higher statutory penalties for the offense at count 2, even though McDonald accepted responsibility for that conduct. The sentencing range of 57-71 months imprisonment reflected McDonald's actual criminal history category of III. The court, however, varied downward to reflect the parties' assumption, during plea negotiations, that McDonald was in criminal history category I. The guideline sentencing range for supervised release cannot be below the statutory mandatory minimum of 3 years. This factor does not favor early termination of McDonald's supervision.

> 4. *Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).*

No pertinent policy statements were raised by the parties with respect to this matter. This factor does not favor early termination of McDonald's supervision.

> 5. *The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).*

Early termination of the term of supervision (below the statutory mandatory minimum) may create an unwarranted sentencing disparity between McDonald and other defendants with similar records who have been found guilty of similar conduct. Any such defendants would be subject to the same statutory minimum 3-year term of supervised release. This factor does not favor early termination of supervision.

> 6. *The need to provide restitution to any victims of the offense, § 3553(a)(7).*

This factor is not applicable.

### C. Whether early termination is warranted and in the interest of justice

The court concludes that early termination of McDonald's supervision is not in the interest of justice. The court appreciates and encourages McDonald to continue to succeed economically, with his family, and in the community and to remain crime free. Compliance with the conditions of supervision is *required* behavior while serving a term of supervised release. The fact of McDonald's compliance with the conditions of supervision may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community.

McDonald's conduct while on supervision is commendable, but, considering the foregoing § 3553(a) analysis, especially the serious nature of his crimes and the need to deter criminal conduct, the interests of justice are best served by McDonald completing his 3-year term of supervised release.

McDonald did not articulate any specific hardship posed by his current conditions of supervision. If revisions of his conditions become necessary, for instance to accommodate his

work after he obtains a CDL license, the court encourages McDonald to communicate with his probation officer to resolve that issue.

### IV.   Conclusion

Based upon the foregoing, the court will deny the motion for early termination of supervised release (ECF No. 85) without prejudice. In the event McDonald's circumstances change, he may file a new motion for early termination of supervised release.

An appropriate order follows.

BY THE COURT:

Dated: December 17, 2024

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge